IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JARVIN MALIK HUGGINS,** | : | |
| Petitioner | : | |
| | : | No. 1:20-cv-1225 |
| v. | : | |
| | : | (Judge Rambo) |
| **THERESA DELBALSO,** *et al.*, | : | |
| Respondents | : | |

### MEMORANDUM

Presently before the court is *pro se* Petitioner Jarvin Malik Huggins ("Huggins")'s petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, the petition will be denied with prejudice.

**I.      Background and Procedural History**

On March 5, 2013, Huggins was convicted in the Schuylkill County Court of Common Pleas of first-degree murder and several other offenses. *See Commonwealth v. Huggins*, No. 1168 MDA 2013, 2014 WL 10965083, at *1 (Pa. Super. Ct. Apr. 28, 2014); *Commonwealth v. Huggins*, No. CP-54-CR-0000734-2012 (Schuylkill Cty. Mar. 5, 2013). He was sentenced to life in prison without the possibility of parole on May 10, 2013. *Huggins*, No. CP-54-CR-0000734-2012. Huggins appealed to the Pennsylvania Superior Court, arguing that his mandatory life sentence was unconstitutional under *Miller v. Alabama*, 567 U.S. 460 (2012)*,* because, although he was over the age of 18 at the time he committed the offense, he had a mental age of between 11 and 12 years old. *Huggins*, 2014

WL 10965083, at *1-2. The Superior Court affirmed the judgment of sentence on April 28, 2014. *Id.* Huggins did not appeal to the Pennsylvania Supreme Court.

Huggins filed a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on March 24, 2016. *Huggins*, No. CP-54-CR-0000734-2012. The Court of Common Pleas denied the motion on April 19, 2016. *Id.* Huggins did not appeal.

Huggins filed the instant petition for writ of habeas corpus on July 14, 2020. (Doc. No. 1.) He raises four grounds for relief: (1) that imposing a mandatory life sentence was unconstitutional because his mental age was younger than 18 at the time he committed the offense; (2) that he was punished for acts that he committed as a result of his "mental retardation"; (3) that trial counsel was ineffective for failing to investigate Huggins's background and mental illness; and (4) that Huggins is actually innocent of the crimes for which he was committed. (*Id.*) Respondents responded to the petition on September 28, 2020, arguing that the petition should be denied as untimely, or, alternatively, that it should be denied on its merits. (Doc. No. 8.) Huggins has not filed a reply brief in support of the petition, and the deadline for doing so has expired.

**II.     Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for habeas corpus petitions brought under

28 U.S.C. § 2254.  28 U.S.C. § 2244(d)(1).  The limitations period begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*  The statute also contains a statutory tolling provision under 28 U.S.C. § 2244(d)(2), which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Under § 2244, Huggins had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]  Huggins's conviction became final on May 28, 2014, when the

---

[1] Although 28 U.S.C. § 2244(d)(1) provides for other triggering events of the one-year limitations period, none apply here.  *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

time for seeking a direct appeal to the Pennsylvania Supreme Court expired.  *See* Pa. R. App. P. 903.  Thus, Huggins was required to file a federal habeas corpus petition no later than May 28, 2015.  *See* 28 U.S.C. § 2244.  His petition, which was not filed until July 14, 2020, is facially untimely.  Huggins argues that the untimeliness of his petition should be excused because he is actually innocent of the crimes for which he was convicted.  (*See* Doc. 1 at 14-15.)

Although the statute of limitations for a habeas corpus petition under § 2254 may be excused if the petitioner makes an adequate showing of his actual innocence, the standard for establishing actual innocence is "burdensome" and requires the petitioner to show that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt."  *Satterfield v. Dist. Att'y of Philadelphia*, 872 F.3d 152, 163 (3d Cir. 2017) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).  To excuse the statute of limitations based on a claim of actual innocence, the petitioner must "(1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him (*i.e.*, a reasonable juror would have reasonable doubt about his guilt) in light of the new evidence."  *Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021) (citing *Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018)).

In this case, Huggins asserts that he is actually innocent of the crimes for which he was convicted, but he does not present any new evidence of his innocence. (*See* Doc. 1 at 14-15.) Thus, he fails to satisfy the actual innocence standard. *See Wallace*, 2 F.4th at 151.

Huggins is also not entitled to statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2). Statutory tolling does not apply when a petition for state collateral review has been filed after the one-year limitations period has already expired. *Johnson v. Hendricks*, 314 F.3d 159, 161-62 (3d Cir. 2002). The statutory tolling provision pauses the limitations period; it does not restart or reset the limitations period. *Id.*; *accord Talley v. Cappozza*, No. 3:19-CV-1792, 2020 WL 7342806, at *3 (M.D. Pa. Dec. 14, 2020). Thus, Huggins's PCRA petition, which was not filed until March 24, 2016—approximately ten months after the limitations period had expired—did not toll the limitations period for Huggins's habeas corpus petition.

Huggins is similarly not entitled to tolling of the limitations period under the equitable tolling doctrine. The equitable tolling doctrine allows a court to toll the one-year limitations period when the petitioner has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 418 2005)). The petitioner bears the burden of

5

showing that he is entitled to equitable tolling. *Pace*, 544 U.S. at 418. Here, Huggins makes no argument as to why he is entitled to equitable tolling and accordingly fails to establish that the doctrine applies.

Therefore, because Huggins's petition is untimely and there is no basis to excuse the untimeliness or toll the limitations period, the court will deny his petition as untimely. A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further. *Buck v. Davis*, 580 U.S. __, 137 S. Ct. 759, 773 (2017) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

### III. Conclusion

For the foregoing reasons, Huggins's petition for writ of habeas corpus is denied with prejudice. An appropriate order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: November 1, 2021